UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

CHARLES SALDARRIAGA,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

------------------------------------------------------------------x

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, FRANCISCO ESPINAL, UMAR MIRZA, MATTHEW DZIUBELA, JASON RIEGER, AND OSCAR HERNANDEZVASQUEZ**

25-CV-03669 (RPK) (JRC)

**<u>Jury Trial Demanded</u>**

Defendants City of New York, Francisco Espinal, Umar Mirza, Matthew Dziubela, Jason Rieger, and Oscar Hernandezvasquez by their attorney, Steven Banks, Corporation Counsel of the City of New York, as and for their Answer to the Complaint, respectfully allege as follows:

1.    Deny the allegations in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

2.    Deny the allegations in paragraph "2" of the Complaint.

3.    Deny the allegations in paragraph "3" of the Complaint.

4.    Deny the allegations in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5.    Deny the allegations in paragraph "5" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "6" of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "7" of the Complaint, except admit only that plaintiff's claims have not been settled.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the Complaint.

9. Deny the allegations in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "10" of the Complaint.

11. Deny the allegations in paragraph "11" of the Complaint, except admit that plaintiff purports to proceed as stated therein

12. Deny the allegations in paragraph "12" of the Complaint.

13. Deny the allegations in paragraph "13" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

14. Deny the allegations in paragraph "14" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York, respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department ("NYPD"), and state that the allegations that the City of New York is liable for the conduct of any of its employees are legal conclusions to which no response is required.

15. Deny the allegations in paragraph "15" of the Complaint, and further state that to the extent that paragraph "15" of the Complaint asserts conclusions of law, no response is required.

16.     Deny the allegations in paragraph "16" of the Complaint.

17.     Deny the allegations in paragraph "17" of the Complaint, except admit that Sergeant Umar B. Mirza was employed by the NYPD on or about September 8, 2024, and that plaintiff purports to bring this action against Sergeant Umar B. Mirza as stated therein, and further state that to the extent that paragraph "17" of the Complaint asserts legal conclusions, no response is required.

18.     Deny the allegations in paragraph "18" of the Complaint.

19.     Deny the allegations in paragraph "19" of the Complaint, except admit that Police Officer Francisco Espinal was employed by the NYPD on or about September 8, 2024, and that plaintiff purports to bring this action against Police Officer Francisco Espinal as stated therein, and further state that to the extent that paragraph "19" of the Complaint asserts legal conclusions, no response is required.

20.     Deny the allegations in paragraph "20" of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the Complaint as they pertain to unidentified defendants, and further state that to the extent that paragraph "21" asserts legal conclusions, no response is required.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23" of the Complaint.

24.     Deny the allegations in paragraph "24" of the Complaint.

25.     Deny the allegations in paragraph "25" of the Complaint, except admit only that on September 8, 2024, defendants Francisco Espinal, Umar Mirza, and Oscar Hernandezvasquez were present in the vicinity of the northwest corner of Astoria Park South and 21st Street at approximately 6:22 p.m.

26.     Deny the allegations in paragraph "26" of the Complaint, except admit only that on September 8, 2024, defendants Francisco Espinal, Umar Mirza, and Oscar Hernandezvasquez were involved in the lawful stop of plaintiff's vehicle.

27.     Deny the allegations in paragraph "27" of the Complaint, except admit only that on September 8, 2024, defendant Francisco Espinal requested plaintiff's identification and vehicle registration during the lawful stop of plaintiff's vehicle.

28.     Deny the allegations in paragraph "28" of the Complaint.

29.     Deny the allegations in paragraph "29" of the Complaint.

30.     Deny the allegations in paragraph "30" of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "31" of the Complaint.

32.     Deny the allegations in paragraph "32" of the Complaint, except admit only that defendant Francisco Espinal took a photograph of what plaintiff purports to be a DMV medical tint exemption.

33.     Deny the allegations in paragraph "33" of the Complaint, except admit only that defendant Umar Mirza requested documentation pertaining to what plaintiff purports to be a valid DMV medical tint exemption.

34.     Deny the allegations in paragraph "34" of the Complaint, except admit that plaintiff informed defendant Umar Mirza that documentation pertaining to what plaintiff purports to be a valid DMV medical tint exemption was at plaintiff's home.

35.     Deny the allegations in paragraph "35" of the Complaint.

36.     Deny the allegations in paragraph "36" of the Complaint.

37.     Deny the allegations in paragraph "37" of the Complaint, except admit only that on September 8, 2024, plaintiff was lawfully arrested.

38.     Deny the allegations in paragraph "38" of the Complaint, except admit only that on September 8, 2024, plaintiff was lawfully arrested.

39.     Deny the allegations in paragraph "39" of the Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "40" of the Complaint.

41.     Deny the allegations in paragraph "41" of the Complaint, except admit only that defendant Umar Mirza informed plaintiff that his DMV medical tint exemption was invalid.

42.     Deny the allegations in paragraph "42" of the Complaint, except admit only that on September 8, 2024, defendants Jason Riger and Matthew Dziubela were present in the vicinity of the northwest corner of Astoria Park South and 21st Street at approximately 6:51 p.m.

43.     Deny the allegations in paragraph "43" of the Complaint.

44.     Deny the allegations in paragraph "44" of the Complaint.

45.     Deny the allegations in paragraph "45" of the Complaint.

46.     Deny the allegations in paragraph "46" of the Complaint, except admit that plaintiff was transported to the 114th Precinct.

47.     Deny the allegations in paragraph "47" of the Complaint, except admit that following his lawful September 8, 2024 arrest, plaintiff was brought to the 114th Precinct for arrest processing.

48.     Deny the allegations in paragraph "48" of the Complaint, except admit only that plaintiff's last name was inadvertently misspelled as "Sandarriaga" on the arrest paperwork.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "49" of the Complaint.

50.     Deny the allegations in paragraph "50" of the Complaint.

51.     Deny the allegations in paragraph "51" of the Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "52" of the Complaint.

53.     Deny the allegations in paragraph "53" of the Complaint, except admit only that on September 9, 2024, plaintiff received a desk appearance ticket bearing serial number 114-07989 in connection with plaintiff's lawful arrest.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "54" of the Complaint.

55.     Deny the allegations in paragraph "55" of the Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "56" of the Complaint.

57.     Deny the allegations in paragraph "57" of the Complaint, except admit only that plaintiff made a complaint with the New York City Civilian Complaint Review Board.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "58" of the Complaint.

59.     Deny the allegations in paragraph "59" of the Complaint, except admit only that plaintiff's license plates were properly vouchered under NYPD Property Clerk Invoice Nos. 4001144829 and 4001147400.

60.     Deny the allegations in paragraph "60" of the Complaint.

61.     Deny the allegations in paragraph "61" of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "62" of the Complaint.

63.     Deny the allegations in paragraph "63" of the Complaint, except admit only that plaintiff's license plates were vouchered under NYPD Property Clerk Invoice No. 4001144829.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "64" of the Complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "65" of the Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "66" of the Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "67" of the Complaint.

68.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "68" of the Complaint.

69.    Deny the allegations in paragraph "69" of the Complaint, except admit only that plaintiff's license plates were vouchered under NYPD Property Clerk Invoice No. 4001144829.

70.    Deny the allegations in paragraph "70" of the Complaint.

71.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "71" of the Complaint.

72.    Deny the allegations in paragraph "72" of the Complaint, except admit only that plaintiff's license plates were subsequently vouchered under NYPD Property Clerk Invoice No. 4001147400.

73.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "73" of the Complaint.

74.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "74" of the Complaint.

75.    Deny the allegations in paragraph "75" of the Complaint.

76.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "76" of the Complaint.

77.    Deny the allegations in paragraph "77" of the Complaint.

78.    In response to the allegations in paragraph "78" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

79.     Deny the allegations in paragraph "79" of the Complaint, and further state that to the extent that paragraph "79" of the Complaint asserts conclusions of law, no response is required.

80.     Deny the allegations in paragraph "80" of the Complaint, except admit only that on September 8, 2024, plaintiff was lawfully arrested.

81.     Deny the allegations in paragraph "81" of the Complaint, and further state that to the extent that paragraph "81" of the Complaint asserts conclusions of law, no response is required.

82.     Deny the allegations in paragraph "82" of the Complaint, and further state that to the extent that paragraph "82" of the Complaint asserts conclusions of law, no response is required.

83.     Deny the allegations in paragraph "83" of the Complaint.

84.     Deny the allegations in paragraph "84" of the Complaint.

85.     In response to the allegations in paragraph "85" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

86.     Deny the allegations in paragraph "86" of the Complaint.

87.     Deny the allegations in paragraph "87" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged confirmation by the DMV Medical Review Unit pertaining to what plaintiff purports to be a valid DMV medical tint exemption.

88.     Deny the allegations in paragraph "88" of the Complaint.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "89" of the Complaint.

90.     Deny the allegations in paragraph "90" of the Complaint.

91.     Deny the allegations in paragraph "91" of the Complaint, and further state that to the extent that paragraph "91" of the Complaint asserts conclusions of law, no response is required.

92.     In response to the allegations in paragraph "92" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

93.     Deny the allegations in paragraph "93" of the Complaint, and further state that to the extent that paragraph "93" of the Complaint asserts conclusions of law, no response is required.

94.     Deny the allegations in paragraph "94" of the Complaint.

95.     Deny the allegations in paragraph "95" of the Complaint, and further state that to the extent that paragraph "95" of the Complaint asserts conclusions of law, no response is required.

96.     In response to the allegations in paragraph "96" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

97.     Deny the allegations in paragraph "97" of the Complaint.

98.     Deny the allegations in paragraph "98" of the Complaint.

99.     Deny the allegations in paragraph "99" of the Complaint.

100.    Deny the allegations in paragraph "100" of the Complaint.

101.    Deny the allegations in paragraph "101" of the Complaint, and further state that to the extent that paragraph "101" of the Complaint asserts conclusions of law, no response is required.

102.    In response to the allegations in paragraph "102" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "103" of the Complaint as they pertain to unidentified defendants, and further state that to the extent that paragraph "103" asserts legal conclusions, no response is required.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "104" of the Complaint as they pertain to unidentified defendants, and further state that to the extent that paragraph "104" asserts legal conclusions, no response is required.

105.    In response to the allegations in paragraph "105" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

106.    Deny the allegations in paragraph "106" of the Complaint, and further state that to the extent that paragraph "106" of the Complaint asserts conclusions of law, no response is required.

107.    Deny the allegations in paragraph "107" of the Complaint.

108. Deny the allegations in paragraph "108" of the Complaint, and further state that to the extent that paragraph "108" of the Complaint asserts conclusions of law, no response is required.

109. Deny the allegations in paragraph "109" of the Complaint, and further state that to the extent that paragraph "109" of the Complaint asserts conclusions of law, no response is required.

110. In response to the allegations in paragraph "110" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

111. Deny the allegations in paragraph "111" of the Complaint, and further state that to the extent that paragraph "111" of the Complaint asserts conclusions of law, no response is required.

112. Deny the allegations in paragraph "112" of the Complaint, except admit that on September 8, 2024, plaintiff was lawfully arrested and received a desk appearance ticket bearing serial number 114-07989 in connection with plaintiff's lawful arrest.

113. Deny the allegations in paragraph "113" of the Complaint, except admit only that on September 8, 2024, plaintiff was lawfully arrested, and further state that to the extent that paragraph "113" of the Complaint asserts conclusions of law, no response is required.

114. Deny the allegations in paragraph "114" of the Complaint.

115. In response to the allegations in paragraph "115" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

116.    Deny the allegations in paragraph "116" of the Complaint, and further state that to the extent that paragraph "116" of the Complaint asserts conclusions of law, no response is required.

117.    Deny the allegations in paragraph "117" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged confirmation by the DMV Medical Review Unit pertaining to what plaintiff purports to be a valid DMV medical tint exemption.

118.    Deny the allegations in paragraph "118" of the Complaint, and further state that to the extent that paragraph "118" of the Complaint asserts conclusions of law, no response is required.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "119" of the Complaint.

120.    Deny the allegations in paragraph "120" of the Complaint.

121.    In response to the allegations in paragraph "121" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

122.    Deny the allegations in paragraph "122" of the Complaint, and further state that to the extent that paragraph "122" of the Complaint asserts conclusions of law, no response is required.

123.    Deny the allegations in paragraph "123" of the Complaint, and further state that to the extent that paragraph "123" of the Complaint asserts conclusions of law, no response is required.

124. Deny the allegations in paragraph "124" of the Complaint, and further state that to the extent that paragraph "124" of the Complaint asserts conclusions of law, no response is required.

125. In response to the allegations in paragraph "125" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

126. Deny the allegations in paragraph "126" of the Complaint, and further state that to the extent that paragraph "126" of the Complaint asserts conclusions of law, no response is required.

127. Deny the allegations in paragraph "127" of the Complaint.

128. Deny the allegations in paragraph "128" of the Complaint.

129. Deny the allegations in paragraph "129" of the Complaint.

130. In response to the allegations in paragraph "130" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

131. Deny the allegations in paragraph "131" of the Complaint, and further state that to the extent that paragraph "131" of the Complaint asserts conclusions of law, no response is required.

132. Deny the allegations in paragraph "132" of the Complaint.

133. Deny the allegations in paragraph "133" of the Complaint.

134. In response to the allegations in paragraph "134" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

135.     Deny the allegations in paragraph "135" of the Complaint, and further state that to the extent that paragraph "135" of the Complaint asserts conclusions of law, no response is required.

136.     Deny the allegations in paragraph "136" of the Complaint, and further state that to the extent that paragraph "136" of the Complaint asserts conclusions of law, no response is required.

**AS TO THE FIRST DEFENSE / AFFIRMATIVE DEFENSE:**

137.     The Complaint fails to state a claim upon which relief can be granted.

**AS TO THE SECOND DEFENSE / AFFIRMATIVE DEFENSE:**

138.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants City of New York, Francisco Espinal, Umar Mirza, Matthew Dziubela, Jason Rieger, or Oscar Hernandezvasquez.

**AS TO THE THIRD DEFENSE / AFFIRMATIVE DEFENSE:**

139.     There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search because, *inter alia*, plaintiff was observed driving with a wrapped license plate to which a black film had been applied, altering the plate's color and appearance, in violation of N.Y. Veh. & Traf. Law § 402(1).

**AS TO THE FOURTH DEFENSE / AFFIRMATIVE DEFENSE:**

140.     There was probable cause for plaintiff's arrest, detention, and prosecution because, *inter alia,* plaintiff's license plate was wrapped with a black film that altered the plate's color and appearance and the DMV medical tint exemption sticker appeared to be forged.

15

### AS TO THE FIFTH DEFENSE / AFFIRMATIVE DEFENSE:

141.    Defendants City of New York, Francisco Espinal, Umar Mirza, Matthew Dziubela, Jason Rieger, and Oscar Hernandezvasquez have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS TO THE SIXTH DEFENSE / AFFIRMATIVE DEFENSE:

142.    Defendants Francisco Espinal, Umar Mirza, Matthew Dziubela, Jason Rieger, and Oscar Hernandezvasquez have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### AS TO THE SEVENTH DEFENSE / AFFIRMATIVE DEFENSE:

143.    Plaintiff has failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

### AS TO THE EIGHTH DEFENSE / AFFIRMATIVE DEFENSE:

144.    At all times relevant to the acts alleged in the Complaint, defendant City, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendant City is entitled to governmental immunity from liability on plaintiff's state law claims.

### AS TO THE NINTH DEFENSE / AFFIRMATIVE DEFENSE:

145.    At all times relevant to the acts alleged in the Complaint, defendants Francisco Espinal, Umar Mirza, Matthew Dziubela, Jason Rieger, and Oscar Hernandezvasquez acted reasonably in the proper and lawful exercise of their discretion.

**AS TO THE TENTH DEFENSE / AFFIRMATIVE DEFENSE:**

146.    Punitive damages cannot be assessed against defendant City of New York.

**AS TO THE ELEVENTH DEFENSE / AFFIRMATIVE DEFENSE:**

147.    Plaintiff has failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

**AS TO THE TWELFTH DEFENSE / AFFIRMATIVE DEFENSE:**

148.    Plaintiff may have failed to mitigate his alleged damages.

**AS TO THE THIRTEENTH DEFENSE / AFFIRMATIVE DEFENSE:**

149.    Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

**WHEREFORE,** defendants City of New York, Francisco Espinal, Umar Mirza, Matthew Dziubela, Jason Rieger, and Oscar Hernandezvasquez request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        June 15, 2026
              New York, New York

STEVEN BANKS
Corporation Counsel
of the City of New York
*Attorney for Defendants City of New York,*
*Francisco Espinal, Umar Mirza, Matthew*
*Dziubela, Jason Rieger, and Oscar*
*Hernandezvasquez*
100 Church Street
New York, New York 10007
(212) 356-2656

By:    */s/ Inna Shapovalova*

Inna Shapovalova[1]
*Senior Counsel*
Special Federal Litigation Division

CC:    **VIA ECF**[2]
Charles Saldarriaga
*Plaintiff pro se*

---

[1] This case has been assigned to Assistant Corporation Counsel Joseph Capio, who is awaiting admission to the New York State Bar. Mr. Capio is handling this matter under my supervision and may be reached at (212) 356-2318 or jcapio@law.nyc.gov.

[2] Upon information and belief, plaintiff has consented to receive electronic service via ECF. See ECF No. 6.